# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONJA HALLMON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AFNI, INC., et al,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01057-LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(Doc. Nos. 7, 8)<br><br>**FOURTEEN-DAY DEADLINE** |

**I.　　Background**

Plaintiff Sonja Hallmon, proceeding with counsel, initiated this civil action on August 7, 2018. (Doc. No. 1.) On November 11, 2018, before any defendant had answered or otherwise appeared in this action, Plaintiff filed a notice of settlement. (Doc. No. 6.) The notice of settlement stated that the parties had settled the matter and they anticipated completing settlement documents and filing a dismissal with the Court within sixty (60) days. (Id.)

Based on the notice of settlement, on November 2, 2018, the Court issued an order directing the parties, no later than January 2, 2019, to file appropriate papers to dismiss or conclude this action in its entirety. (Doc. No. 7.) The Court cautioned the parties that failure to comply with the Court's order may be grounds for the imposition of sanctions. (Id.)

Despite the Court's order, the parties did not file any dispositional documents on or before

1

January 2, 2019. Accordingly, on February 4, 2019, the Court issued an order directing Plaintiff to show cause why sanctions should not be imposed for failing to file dispositional documents. (Doc. No. 8.) The Court directed Plaintiff to comply with the order within ten (10) days by filing either (1) a written response explaining why the dispositional documents had not been filed; or (2) appropriate papers to dismiss or conclude this action in its entirety. The Court advised Plaintiff that the failure to respond to the show cause order may result in a recommendation for dismissal of this action. (Id.) The deadline to respond to the show cause order has passed and Plaintiff has not responded or otherwise contacted the Court.

**II.     Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, the action has been pending since August 2018 and Plaintiff has not complied with this Court's orders. Plaintiff also has not filed anticipated dispositional documents or resumed prosecution of this action. The Court cannot hold this case in abeyance awaiting compliance by

Plaintiff. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's November 2, 2018 order warned Plaintiff that her failure to comply with that order may result in the imposition of sanctions. (Doc. No. 7.) Further, the Court's February 4, 2019 order expressly warned Plaintiff that her failure to comply with that order may result in a recommendation for dismissal of this action. (Doc. No. 8.) Thus, Plaintiff had adequate warning that dismissal could result from her noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions or the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating her case.

**IV.     Conclusion and Recommendation**

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to prosecute and for failure to obey court orders.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 27, 2019**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE